OPINION
Defendant-appellant, Scott E. Fugate, appeals his classification as a sexual predator. We affirm.
On April 12, 1996, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) for forcibly engaging in rectal intercourse with a three and one-half month old baby girl. On January 31, 1997, appellant entered a guilty plea. On March 6, 1997, the Butler County Court of Common Pleas conducted a sexual predator hearing at the end of which it adjudicated appellant a sexual predator and sentenced him to life imprisonment. Appellant now appeals, setting forth two assignments of error.
Under his first assignment of error, appellant challenges the constitutionality of R.C. Chapter 2950, Ohio's sexual predator law. Specifically, appellant first argues that the law and attendant registration, verification, and notification requirements violate (1) the Ex Post Facto Clause of the United States Constitution, and Article II, Section 28, of the Ohio Constitution as well as the retroactivity clause of the Ohio Constitution, and (2) the Double Jeopardy Clause of the United States Constitution, and Article I, Section 10, of the Ohio Constitution. The sexual predator classification law became effective January 1, 1997, thus after appellant's indictment but prior to the date he was sentenced. We recently rejected both arguments in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, and State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, respectively.
Appellant also argues that the definition of "sexual predator," as set forth in R.C. 2950.01(E),[1] is unconstitutionally vague because it requires a finding of the likelihood of future behavior where "[n]obody can accurately predict future behavior * * *." Appellant further argues that R.C. 2950.09(B)(2) is unconstitutionally vague because the statute does not provide adequate guidance as to how the sexual predator determination is to be made.
We first reject appellant's contention that R.C. 2950.01(E) is unconstitutionally vague because it requires the trial court to predict future behavior. As the United States Supreme Court stated in Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072, "from a legal point of view there is nothing inherently unattainable about a prediction of future criminal conduct." Id. at, 117 S.Ct. at 2080. While "[i]t is, of course, not easy to predict future behavior[,] * * * [predictions of future misconduct are] performed countless times each day throughout the American system of criminal justice." Jurek v. Texas (1976), 428 ___ U.S. ___ 262, 274-275, 96 S.Ct. 2950, 2957-2958; State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported. "What is essential is that the [judge] ha[s] before [him] all possible relevant information about the individual defendant whose fate [he] must determine." Jurek, 428 ___ U.S. ___ at 276, 96 S.Ct. at 2958.
Appellant also contends that R.C. 2950.09(B)(2) is unconstitutionally vague because it does not provide adequate guidance as to how the sexual predator determination is to be made. We recently rejected a similar argument in Ramsey, Clermont App. No. CA97-03-025, unreported. We are mindful that under Ramsey, R.C.2950.09(C) rather than 2950.09(B)(2), was challenged as being unconstitutionally vague. We nevertheless find that the reasoning and holding of Ramsey are applicable to the case at bar, especially in light of R.C. 2950.09(C)(2), which provides in relevant part:
 [I]n making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section after reviewing all testimony and evidence presented at the hearing and the factors specified in division (B)(2) of this section, the court shall determine by clear and convincing evidence whether the offender is a sexual predator.
In light of all of the foregoing, appellant's first assignment of error is overruled.
Under his second assignment of error, appellant argues that the trial court erred in finding him to be a sexual predator because only two of the factors to be considered by the trial court applied to the case at bar.
R.C. 2950.09 sets forth the procedures for determining whether an offender is a sexual predator. Appellant's sexual predator determination was made pursuant to R.C. 2950.09(B), which outlines classification procedures for offenders who, regardless of when the sexually oriented offense was committed, were sentenced on or after January 1, 1997 for a sexual oriented offense[2] that (1) was either not a sexually violent offense or (2) was a sexually violent offense and a sexually violent predator specification was not included in the indictment charging the sexually violent offense.
R.C. 2950.09(B)(3) provides that after reviewing the testimony and evidence presented at the sexual predator classification hearing, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. Clear and convincing evidence has been defined as:
 That measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In making its determination, the trial court must consider any relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2), as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense * * *;
 (g) Any mental illness or mental disability of the the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of demonstrated patterns of abuse.
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty * * *;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes as "[p]revious instances of violent behavior are an important indicator of future violent tendencies." Hendricks, ___ U.S. ___, 117 S.Ct at 2080; State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported. We note that contrary to appellant's contention, an offender's prior criminal record does not have to include sexual offenses to be considered by the trial court. See R.C.2950.09(B)(2)(b).
Also contrary to appellant's contention, a trial court need not find that a majority of the factors set forth in R.C.2950.02(B)(2) apply to an offender before the court can determine that the offender is a sexual predator. In the case at bar, the record shows that at appellant's classification hearing, the trial court considered the presentence investigation record, the oral statements made by appellant's counsel and the prosecutor, and several factors set forth in R.C. 2950.09(B)(2), including the very tender age of the victim, appellant's extensive prior criminal record, the nature of the offense, and the cruelty of the offense.
In light of the foregoing, we find that the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 2950.01(E) defines "sexual predator" as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
[2] The crime of rape in violation of R.C. 2907.02(A)(1)(b) is a sexually oriented offense. See R.C. 2950.01(D)(1).